UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

H.B. c/o HENRY BANAHENE,

                        Plaintiff,

v.

BROOKDALE HOSPITAL, MERCY FIRST
FOSTERCARE, and ACS,

                        Defendants.

**MEMORANDUM AND ORDER**
22-CV-5136 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Henry Banahene ("Plaintiff") brings this pro se action on behalf of himself and his child, H.B., alleging medical malpractice and negligence against Brookdale Hospital, Mercy First Foster Care, and New York City Administration for Children's Services ("ACS," and with Brookdale Hospital and Mercy First Foster Care, "Defendants"). Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's request for pro bono counsel is denied. As discussed below, the complaint is dismissed. Plaintiff is granted 30 days leave to file an amended complaint.

### BACKGROUND[1]

      Plaintiff's complaint states in its entirety, "Medical malpractice and neglect Brookdale Hospital probably injured my son at birth, ACS took my son from hospital and put him in Mercy First Foster Care where abuse continued." (Compl. at 5.)

---

[1] The following facts taken from the second amended complaint (ECF No. 8) are assumed to be true for the purpose of this memorandum and order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" given to *pro se* plaintiffs has its limits. *Id.* at 475 (citation omitted). To state a claim, a *pro se* complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

**DISCUSSION**

At the outset, the Court lacks subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, there is no "federal question" jurisdiction because "[c]laims for negligence and medical malpractice arise under state law," not federal law, "and a federal court generally will not have original jurisdiction over the claims unless complete diversity exists." *See Urena v. Wolfson*, No. 09-CV-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) (citation omitted). Second, because the complaint establishes that Plaintiff and Defendants are citizens of New York (*see* Compl. at 2–3), there is no diversity jurisdiction, *Lever v. Lyons*, No. 16-CV-5130, 2021, WL 302648, at *9 (E.D.N.Y. Jan. 28, 2021) (no diversity jurisdiction where parties were all citizens of New York). Therefore, all of the state law claims are dismissed for lack of

3

subject matter jurisdiction. *Id.* (dismissing complaint for lack of diversity and federal question jurisdiction).

Separately, Plaintiff's claims brought on behalf of his child must be dismissed because a non-attorney parent or legal guardian cannot represent his or her child or ward *pro se*. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). In order for a parent to bring a lawsuit on behalf of a child, the parent must be represented by counsel. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Whitfield v. Johnson*, No. 18-CV-1232-WFK-LB, 2018 WL 1385890, at *1 (E.D.N.Y. Mar. 19, 2018) (dismissing without prejudice claims filed on behalf of a minor child), *aff'd,* 763 F. App'x 106 (2d Cir. 2019).

Finally, Plaintiff's claims against the Administration for Children's Services must be dismissed because it is not a suable entity. *See Friedman v. N.Y.C. Admin. For Children's Servs.*, 502 F. App'x 23, 27 n.3 (2d Cir. 2012) (summary order) (affirming that ACS is not a suable entity). The New York City Charter provides that "[a]ll actions or proceedings for the recovery of penalties for the violation of any law should be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." New York City Charter, Ch. 17, § 396. Thus, to the extent Plaintiff is asserting claims on his own behalf, the Court dismisses Plaintiff's claims against ACS for failure to state a claim on which relief can be granted. *See Sterling v. Human Resources Admin.*, No. 21-CV-10192, 2022 WL 3030613

4

(S.D.N.Y. Aug. 1, 2022) (dismissing claims against ACS because it is not a suable entity); *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, claims brought on behalf of H.B. are dismissed without prejudice from this action. Plaintiff's claims brought on behalf of himself are dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(b). Plaintiff's request for pro bono counsel is denied without prejudice.

In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court grants Plaintiff leave to amend the complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Should plaintiff elect to amend the complaint, it must be filed within 30 days of the date of this Memorandum and Order. The amended complaint must correct the deficiencies identified in this Memorandum and Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so he must include in the amended complaint all the necessary information to support his claims. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order (22-CV-5136 (LDH) (RLM)). No summons will issue at this time, and all further proceedings will be stayed for 30 days. If Plaintiff does not amend the complaint within 30 days, judgment dismissing this action will be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

|  |  |
|---|---|
|  | SO ORDERED. |
| Dated: Brooklyn, New York<br>       December 7, 2022 | /s/ LDH<br>L<small>A</small>SHANN D<small>E</small>ARCY HALL<br>United States District Judge |